UNITED STATES of America, for the Use and Benefit of BURTON MILL AND CABINET WORKS, Appellant,

v.

A. J. RIFE CONSTRUCTION COMPANY AND ASSOCIATES, and Seaboard Surety Company of New York State, Appellees.

No. 15890.

United States Court of Appeals
Fifth Circuit.

May 31, 1956.

———◆———

Henry Klepak, Dallas, Tex., for appellant.

Thomas R. Hartnett, III, George E. Flannigan, Dallas, Tex., Turner, White, Atwood, McLane & Francis, Dallas, Tex., for appellees.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

This is the second appearance of this case here. On the previous appeal, 224 F.2d 600, we noted that the findings of fact were not consistent with the judgment. It now appears that the appellant, the plaintiff below, brought forward additional testimony of a government inspector to bolster its claim that the materials furnished by it measured up to the requirements of the contract. In its findings on the second trial, the court, by implication, seems to have found that the materials were satisfactory until they were exposed to the rain at the site, but in the judgment the court held the plaintiff responsible for the entire cost of fitting the parts of the cabinets. It would be liable for this cost only if the materials were defective when delivered. There was a clear-cut dispute between the parties as to whether the materials which were delivered to the site were satisfactory and whether the misfits testified to by the defendants resulted, if they existed at all, from the exposure to the elements. The trial court made no precise finding on the subject. Such findings as were made seemed to favor the plaintiff, whereas

the judgment could be sustained only on a contrary finding.

While we are loath to add to the already long history of this litigation over relatively small amounts, we must hold that the findings of the trial court are not adequate to permit us to make a final disposition of the matter. As said by the Supreme Court in the recent case of Hatahley v. United States, 76 S.Ct. 745, 752, "But it is necessary in any case that the findings of damages be made with sufficient particularity so that they may be reviewed."

The case must be remanded for findings by the trial court as to whether the materials delivered by the plaintiff met the requirement that they be cut to proper size for erection on the site or whether they were so defective that the defendant was required to spend its own money to engage employees to rework the materials. It is, of course, permissible for the trial court to hear such further testimony as it may consider necessary and relevant to enable it to make appropriate findings.

Reversed and remanded for further proceedings consistent with this opinion.